## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL MCGRAIL and** | | |
| **LUCILLE MCGRAIL** | * | **CIVIL ACTION NO.: 2:22-cv-02181** |
| **Plaintiffs,** | * | |
| | * | |
| | * | **JUDGE/SECTION:** |
| **vs.** | * | **JANE TRICHE MILAZZO/H** |
| | * | |
| | * | |
| **UNITED PROPERTY & CASUALTY** | * | **MAGISTRATE/DIVISION:** |
| **INSURANCE COMPANY** | * | **JANIS VAN MEERVELD/1** |
| **Defendant.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY** ("Defendant" or "UPC"), who in Answer to Plaintiffs' Petition for Damages and Demand for Jury Trial ("Petition"), respectfully avers as follows:

### I.    PARTIES

1.

The allegations contained in Paragraph 1 of the Petition are admitted upon information and belief.

2.

The allegations contained in Paragraph 2 of the Petition are admitted upon information and belief.

3.

The allegations contained in paragraph 3 of the Petition are admitted in part and denied in part. The allegations are admitted to the extent that UPC is an insurer authorized to do and doing

business in the State of Louisiana and the Parish of Jefferson. The remaining allegations are denied

as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

## II.   JURISDICITION AND VENUE

### 4.

The allegations contained in Paragraph 4 of the Petition for Damages are denied.

### 5.

The allegations contained in Paragraph 5 of the Petition for Damages are denied.

## III.   RELEVANT FACTS

### 6.

The allegations contained in Paragraph 6 of the Petition for Damages are admitted upon

information and belief.

### 7.

The allegations contained in paragraph 7 of the Complaint are admitted in part and denied

in part. The allegations are admitted to the extent that Plaintiff was issued a Homeowner's Policy

by UPC, bearing number ULH 5826919 01 17, for property located at 7312 O'Neil Drive, Harahan,

Louisiana, noting a policy period of August 26, 2021 to August 26, 2022, which is self-evident of

its coverages, terms, conditions, limitations, and exclusions, and is incorporated herein by

reference as if copied *in extenso*. The remaining allegations are denied as written as they contain,

or call for, a legal conclusion on a substantive issue of law and/or fact.

### 8.

The allegations contained in Paragraph 8 of the Petition for Damages are denied as written.

### 9.

The allegations contained in Paragraph 9 of the Petition for Damages are admitted in part

and denied in part.  It is admitted that UPC assigned a claim number of 21LA00137817.  The remaining allegations are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

10.

The allegations contained in Paragraph 10 of the Petition for Damages are admitted in part and denied in part.  It is admitted that the Property was inspected following Hurricane Ida.  The remaining allegations are denied.

11.

The allegations contained in Paragraph 11 of the Petition for Damages are denied.

12.

The allegations contained in Paragraph 12 of the Petition for Damages are admitted in part and denied in part.  It is admitted that the Property was re-inspected following Hurricane Ida.  The remaining allegations are denied.

13.

The allegations contained in Paragraph 13 of the Petition for Damages are denied for lack of information sufficient to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Petition for Damages are denied for lack of information sufficient to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Petition for Damages are denied as written.

16.

The allegations contained in Paragraph 16 of the Petition for Damages are denied.

17.

The allegations contained in Paragraph 17 of the Petition for Damages are denied for lack of information sufficient to justify a belief therein.

18.

The allegations contained in Paragraph 18 of the Petition for Damages are denied for lack of information sufficient to justify a belief therein.

19.

The allegations contained in Paragraph 19 of the Petition for Damages are denied for lack of information sufficient to justify a belief therein.

20.

The allegations contained in Paragraph 20 of the Petition for Damages are denied for lack of information sufficient to justify a belief therein.

21.

The allegations contained in Paragraph 21 of the Petition for Damages are denied.

22.

The allegations contained in Paragraph 22 of the Petition for Damages are denied.

23.

The allegations contained in Paragraph 23 of the Petition for Damages are denied.

24.

The allegations contained in Paragraph 24 of the Petition for Damages are denied.

25.

The allegations contained in Paragraph 25 of the Petition for Damages are denied.

26.

The allegations contained in Paragraph 26 of the Petition for Damages are denied.

27.

The allegations contained in Paragraph 27 of the Petition for Damages are denied.

## IV.    CAUSES OF ACTION

### A.    Breach of Insurance Contract

28.

Defendant re-avers and re-assets all responses and defenses herein.

29.

The allegations contained in Paragraph 29 of the Petition for Damages are denied.

30.

The allegations contained in paragraph 30 of the Complaint are admitted in part and denied in part. The allegations are admitted to the extent that Plaintiff was issued a Homeowner's Policy by UPC, bearing number ULH 5826919 01 17, for property located at 7312 O'Neil Drive, Harahan, Louisiana, noting a policy period of August 26, 2021, to August 26, 2022, which is self-evident of its coverages, terms, conditions, limitations, and exclusions, and is incorporated herein by reference as if copied *in extenso*.  The remaining allegations are denied as written as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

31.

The allegations contained in Paragraph 31 of the Petition for Damages are denied.  It is specifically denied that Defendant purposefully and/or negligently failed to timely tender

undisputed insurance proceeds. The allegations are moreover denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

32.

The allegations contained in Paragraph 32 of the Petition for Damages are denied. It is specifically denied that Defendant purposefully and/or negligently misrepresented the terms and conditions of the insurance policy. The allegations are moreover denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

33.

The allegations contained in Paragraph 33 of the Petition for Damages are denied. It is specifically denied that Defendant conducted the investigation and claims handling in bad faith. The allegations are moreover denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

34.

The allegations contained in Paragraph 34 of the Petition for Damages are denied. It is specifically denied that Defendant failed to adequately compensate Plaintiffs for damages to the Property. The allegations are moreover denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

35.

The allegations contained in Paragraph 35 of the Petition for Damages are denied.

**B.    Bad Faith**

36.

Defendant re-avers and re-assets all responses and defenses herein.

37.

The allegations contained in Paragraph 37 of the Petition for Damages are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

38.

The allegations contained in Paragraph 38 of the Petition for Damages require no response from Defendant.  To the extent a response is required, the allegations, if any, are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

39.

The allegations contained in Paragraph 39 of the Petition for Damages require no response from Defendant.  To the extent a response is required, the allegations, if any, are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

40.

The allegations contained in Paragraph 40 of the Petition for Damages require no response from Defendant.  To the extent a response is required, the allegations, if any, are denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

41.

The allegations contained in Paragraph 41 of the Petition for Damages are denied.

42.

The allegations contained in Paragraph 42 of the Petition for Damages are denied.  It is specifically denied that Defendant purposefully and/or negligently misrepresented the terms of the Policy.  The allegations are moreover denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

43.

The allegations contained in Paragraph 43 of the Petition for Damages are denied.  It is specifically denied that Defendant purposefully and/or negligently failed to timely tender undisputed insurance proceeds.  The allegations are moreover denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

44.

The allegations contained in Paragraph 44 of the Petition for Damages are denied.  It is specifically denied that Defendant conducted claims handling in bad faith.  The allegations are moreover denied as they contain, or call for, a legal conclusion on a substantive issue of law and/or fact.

### V.    DAMAGES

45.

Defendant re-avers and re-assets all responses and defenses herein.

46.

The allegations contained in Paragraph 46 of the Petition for Damages, including subparts a through h are denied.

47.

Defendants do not deny that Plaintiffs requested a trial by jury.

48.

The allegations contained in Paragraph 48 of the Petition for Damages are denied.

**AND NOW**, in further Answer, Defendant, UPC, raises the following Affirmative Defenses, to wit:

## AFFIRMATIVE DEFENSE NO. 1

Plaintiffs' Petition fails to state a claim, cause or right of action upon which relief may be granted against UPC.

## AFFIRMATIVE DEFENSE NO. 2

To the extent Plaintiffs have already received payment for their loss, UPC avers that those payments were appropriate, and that Plaintiffs have been paid all that is owed under the Policy.

## AFFIRMATIVE DEFENSE NO. 3

To the extent UPC is entitled to any credits or set-offs for any amounts previously paid or to be made, UPC hereby claims those credits or set-offs against any eventual award made to Plaintiffs. To the extent payments have been made to which Plaintiffs are not entitled, UPC reserves it right to recover those amounts by counterclaim or reconventional demand.

## AFFIRMATIVE DEFENSE NO. 4

UPC avers that Plaintiffs have not been damaged as the result of any action or inaction by SFIC. If Plaintiffs have suffered damage as alleged, SFIC avers that such damage was caused in whole or in part by the action or inaction of Plaintiffs and/or third parties beyond UPC's control and/or responsibility.

## AFFIRMATIVE DEFENSE NO. 5

UPC avers that Plaintiffs' claims are premature.

## AFFIRMATIVE DEFENSE NO. 6

UPC avers that Plaintiffs' Petition is vague and ambiguous and calls for a more definitive statement of the damages claimed therein.

## AFFIRMATIVE DEFENSE NO. 7

UPC avers that Plaintiffs' alleged damages may be limited or barred by the following

Policy provisions relative to Plaintiffs' dwelling:

**SECTION I – PROPERTY COVERAGES**

**A.    Coverage A – Dwelling**

    **1.**  We cover:

        **1.**  The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and used mainly as your private residence shown on the Declarations, including attached structures, other than fences, and attached wall-to-wall carpeting if damage to the dwelling is caused by a covered loss;

        **2.**  Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling or other structures on the "residence premises"; and

        **3.**  In-ground swimming pools including related permanently installed equipment such as pumps and filters.

    **2.**  We do not cover land, including land on which the swelling is located.

HO 00 03 05 11 (Page 3 of 24)
UPC 01 17 10 17 (Page 2 of 18)

<u>**AFFIRMATIVE DEFENSE NO. 8**</u>

UPC avers that Plaintiffs' alleged damages may be limited or barred by the following

Policy provisions relative to business property or business location:

**SECTION I – PROPERTY COVERAGES**

…

**B.    Coverage B – Other Structures**

    **1.**  We cover:

        **a.** Other structures on the "residence premises" set apart from the dwelling by a clear space;

        **b**. Other structures connected to the dwelling by only a fence, utility line, or similar connection; and

        **c**. Fences.

    **2.**  We do not cover:

        **a.** Land, including land on which the other structures are located;

        **b.** Other structures rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage;

        **c.** Other structures from which any "business" is conducted; or

        **d.** Other structures used to store "business" property. However, we do cover a structure that contains "business" property solely owned by an "insured" or a tenant of the dwelling, provided that "business" property does not include gaseous or liquid fuel, other than fuel in a permanently installed fuel tank of a vehicle or craft parked or stored in the structure.

**3.** The limit of liability for this coverage will not be more than the limit of liability shown in the Declarations for Coverage B**.** Use of this coverage does not reduce the Coverage **A** limit of liability.

HO 00 03 05 11 (Page 3 of 24)
UPC 01 17 10 17 (Page 2 of 18)

<u>**AFFIRMATIVE DEFENSE NO. 9**</u>

UPC avers that Plaintiffs' alleged damages may be limited or barred by the following

Policy provisions relative to personal property:

**SECTION I – PROPERTY COVERAGES**
**…**
**C.**      **Coverage C – Personal Property**
      **…**
   **2.  Limit for Property At Other Locations**
       **a.  Other Residences**
          Our limit of liability for personal property usually located at an "insured's" residence, other than the "residence premises," is 10% of the limit of liability for Coverage **C**, or $1,000, whichever is greater.  However, this limitation does not apply to personal property:
          (1) Moved from he "residence premises" because it is:
              (a) Being repaired, renovated or rebuilt; and
              (b) Not fit to live in or store property in; or
          (2)  In a newly acquired principal residence for 30 days from the time you begin to love the property there.
    **…**
   **3.  Special Limits of Liability**
      The special limit for each category shown below is the total limit for each loss for all property in that category. These special limits do not increase the Coverage **C** limit of liability.
       **a.**  $200 on money, bank notes, bullion, gold other than goldware, silver other than silverware, platinum other than platinumware, coins, medals, scrip, stored value cards and smart cards.
       **b.**  $1,500 on securities, accounts, deeds, evidences of debt, letters of credit, notes other than bank notes, manuscripts, personal records, passports, tickets and stamps. This dollar limit applies to these categories regardless of the medium (such as paper or computer software) on which the material exists.
          This limit includes the cost to research, replace or restore the information from loss or damaged material.
       **c.**  $1,500 on watercraft of all types, including their trailers, furnishings, equipment and outboard engines or motors.
       **d.**  $1,500 on trailers or semitrailers not used with watercraft of all types.

**e.** $1,500 for loss by theft of jewelry, watches, furs, previous and semiprecious stones.

**f.** $2,500 for loss by theft of firearms and related equipment.

**g.** $2,500 for loss by theft of silverware, silverplated ware, goldware, gold-plated ware, platinumware, platinum-plated ware and pewterware. This includes flatware, holloware, tea sets, trays and trophies made of or including silver, gold or pewter.

**h.** $2,500 on property, on the "residence premises," used primarily for "business" purposes.

**i.** $1,500 on property, away from the "residence premises", used primarily for "business" purposes. However, this limit does not apply to antennas, tapes, wired, records, disks or other media that are:

    **(1)** Used with electronic equipment that reproduces, receives or transmits audio, visual or data signals; and

    **(2)** In or upon a "motor vehicle".

**j.** $1,500 on portable electronic equipment that:

    **(1)** Reproduces, receives or transmits audio, visual or data signals;

    **(2)** Is designed to be operated by more than one power source, one of which is a "motor vehicle's" electrical system; and

    **(3)** Is in or upon a "motor vehicle".

**k.** $250 for antennas, tapes, wires, records, disks or other media that are:

    **(1)** Used with electronic equipment that reproduces, receives or transmits audio, visual or date signals; and

    **(2)** In or upon a "motor vehicle".

**l.** $500 on all "collectibles" including, but not limited to, baseball cards, comic books, album covers, and any other memorabilia. This limit applies regardless of the number of collections or "collectibles."

**m.** $2,500 for loss to "Fine Arts" or works of art, statuary, marbles, bronzes, porcelains, rare glass, and bric-a-brac.

**n.** $5,000 for loss to tools.

**o.** $2,500 on personal computers and related peripherals such as disk drives, printers, and commercial software or lost date.

**p.** $1,000 for bicycles and related equipment.

HO 00 03 05 11 (Page 4 of 24)
UPC 01 17 10 17 (Page 2 of 18)

## **AFFIRMATIVE DEFENSE NO. 10**

UPC avers that Plaintiffs' alleged damages may be limited or barred by the following policy provision relative to Additional Living Expenses:

**SECTION I – PROPERTY COVERAGES**
...
**D.**      **Coverage D – Loss of Use**

The limit of liability for Coverage **D** is the total limit for the coverages in **1.** Additional Living Expense, **2.** Fair Rental Value and **3.** Civil Authority Prohibits Use below.

**1.      Additional Living Expense**

If a loss covered under Section **I** makes that part of the "residence premises" where you reside not fit to live in, we cover any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.

Payment will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shorted time required for your household to settle elsewhere.

In either event, the Payment(s) will be limited to (12) consecutive months from the date of the covered loss.

HO 00 03 05 11 (Page 5 of 24)
UPC 01 17 10 17 (Page 3 of 18)

## AFFIRMATIVE DEFENSE NO. 11

UPC avers that Plaintiffs' alleged damages may be limited or barred by the following

Policy provision relative to debris removal:

**SECTION I – PROPERTY COVERAGES**
...
**E.  Additional Coverages**

**1.  Debris Removal**

**a.** We will pay your reasonable expense for the removal of:

**(1)** Debris of covered property if a Peril Insured Against that applies to the damaged property causes the loss; or

**(2)** Ash, dust or particles from a volcanic eruption that has caused direct loss to a building or property contained in a building.

This expense is included in the limit of liability that applies to the damaged property. If the amount to be paid for the actual damage to the property plus the debris removal expense is more than the limit of liability for the damaged property, an additional 5% of that limit is available for such expense.

**b.** We will also pay your reasonable expense, up to $1,000, for the removal from the "residence premises" of:

**(1)** Your trees felled by the peril of Windstorm or Hail or Weight of Ice, Snow or Sleet; or

**(2)** A neighbor's trees felled by a Peril Insured Against under Coverage **C;** provided the trees:

**(3)** Damage a covered structure; or

**(4)** Do not damage a covered structure, but:.
    **(a)** Block a driveway on the "residence premises" which prevents a "motor vehicle", that is registered for use on public roads or property, from entering or leaving the "residence premises"; or
    **(b)** Block a ramp or other fixture designed to assist a handicapped person to enter or leave the dwelling building.

The $1,000 limit is the most we will pay in any one loss, regardless of the number of fallen trees. No more than $500 of this limit will be paid for the removal of any one tree.

HO 00 03 05 11 (Pages 5 and 6 of 24)

## <u>AFFIRMATIVE DEFENSE NO. 12</u>

UPC avers that Plaintiffs' alleged damages may be limited or barred by the following

Policy provision:

## SECTION I – PROPERTY COVERAGES

...
   **E. Additional Coverages**
      **2. Reasonable Repairs**
       a. We will pay the reasonable cost incurred by you for necessary repairs made solely to protect covered property from further damage if a Peril Insured Against causes the loss. This coverage does not increase the limit of liability that applies to the property being repaired.
       b. If the measures taken involve repair to other damaged property, we will only pay if that property is covered under this policy and the damage is caused by a Peril Insured Against. This coverage does not:
          a. Increase the limit of liability that applies to the covered property; or
          b. Relieve you of your duties, in case of a loss to covered property, described in C.4 under Section I-Conditions.

HO 00 03 05 11 (Page 6 of 24)
UPC 01 17 10 17 (Page 3 of 18)

## <u>AFFIRMATIVE DEFENSE NO. 13</u>

UPC avers that Plaintiffs' alleged damages may be limited or barred by the following

Policy provision:

**SECTION I – PROPERTY COVERAGES**

...

    **E.  Additional Coverages**

        **11. Ordinance or Law**

            **a.** You may use up to 10% of the limit of liability that applies to Coverage **A** for the increased costs you incur due to the enforcement of any ordinance or law which requires or regulates:

                **(1)** The construction, demolition, remodeling, renovation or repair of that part of a covered building or other structure damaged by a Peril Insured Against;

                **(2)** The demolition and reconstruction of the undamaged part of a covered building or other structure, when that building or other structure must be totally demolished because of damage by a Peril Insured Against to another part of that covered building or other structure; or

                **(3)** The remodeling, removal or replacement of the portion of the undamaged part of a covered building or other structure necessary to complete the remodeling, repair or replacement of that part of the covered building or other structure damaged by a Peril Insured Against.

            **b.** You may use all or part of this ordinance or law coverage to pay for the increased costs you incur to remove debris resulting from the construction, demolition, remodeling, renovation, repair or replacement of property as stated in **a.** above.

            **c.** We do not cover:

                **(1)** The loss in value to any covered building or other structure due to the requirements of any ordinance or law; or

                **(2)** The costs to comply with any ordinance or law which requires any "insured" or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, pollutants in or on any covered building or other structure. Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

            This coverage is additional insurance.

HO 00 03 05 11 (Page 8-9 of 24)

## <u>AFFIRMATIVE DEFENSE NO. 14</u>

UPC avers that Plaintiffs' alleged damages may be limited or barred by the following Policy provision:

**SECTION I – PROPERTY COVERAGES**

...

    **E.  Additional Coverages**

        **13. "Fungi", Wet or Dry Rot, Or Bacteria**

$5,000 is the most we will pay for:

   **b.** The total of all loss payable under Section I – Property Coverages caused by "fungi", wet or dry rot, or bacteria;

   **c.** The cost to remove "fungi", wet or dry rot, or bacteria from property covered under Section I;

   **d.** The cost to tear out and replace any part of the building or other covered property as needed to gain access to the "fungi", wet or dry rot, or bacteria; and

   **e.** The cost of testing of air or property to confirm the absences, presence or level of "fungi", wet or dry rot, or bacteria, whether performed prior to, during or after removal, repair, restoration replacement. The cost of such testing will be provided only to the extent that there is presence of "fungi", wet or dry rot, or bacteria.

This coverage, "Fungi", Wet Or Dry Rot, Or Bacteria, only applies when such loss or costs are a result of a Peril insured Against that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at and after the time the Peril Insured Against occurred.

The $5,000 limit of liability for "Fungi", Wet Or Dry Rot, Or Bacteria is the most we will pay for the total of all loss of costs payable under this Additional Coverage regardless of the number of locations insured under this Policy or number of claims made.

This coverage does not increase the limit of liability applying to the damaged covered property.

UPC 01 17 10 17 (Page 5 of 18)

## <u>AFFIRMATIVE DEFENSE NO. 15</u>

UPC avers that the damages claimed in Plaintiffs' Petition were caused by a non-covered event and/or peril that is excluded under the applicable policy of insurance:

**SECTION I – PERILS INSURED AGAINST**
   **A.  Coverage A – Dwelling and Coverage B – Other Structures**
   **...**

   2.  We do not insure, however, for loss:
   **...**
   **c.**  Caused by:
       ...
   **(6)** Any of the following:
       **...**
           **(a)** Wear and tear, marring, deterioration;
           **(b)** Mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself;
           ...

    **(f)** Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings.

**(8)** Rain, snow, sleet or dust to the interior of a building unless a covered peril first damages the building causing an opening in a roof or outside wall, door or window and the rain, snow, sleet, sand or dust enters through the opening.

HO 00 03 05 11 (Page 9-10 of 24)
UPC 01 17 10 17 (Page 6 of 18)

## <u>AFFIRMATIVE DEFENSE NO. 16</u>

UPC avers that the damages claimed in Plaintiffs' Petition were caused by a non-covered

event and/or peril that is excluded under the applicable policy of insurance:

## SECTION I – EXCLUSIONS

**A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

  **1.  Ordinance Or Law**

   Ordinance Or Law means any ordinance or law:

      **a.** Requiring or regulating the construction, demolition, remodeling, renovation or repair of property, including removal of any resulting debris. This Exclusion **A.1.a.** does not apply to the amount of coverage that may be provided for in **E.11** Ordinances Or Law under Section **I – Property** Coverages;

      **b.** The requirements of which result in a loss in value to the property; or

      **c.** Requiring any "insured" or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, pollutants.

      Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

   This Exclusion **A.1.** applies whether or not the property has been physically damaged.

HO 00 03 05 11 (Page 12 of 24)

## <u>AFFIRMATIVE DEFENSE NO. 17</u>

UPC avers that the damages claimed in Plaintiffs' Petition were caused by a non-covered

event and/or peril that is excluded under the applicable policy of insurance:

**SECTION I – EXCLUSIONS**

The following paragraphs are replaced under Section I - Exclusions:
Paragraph 2. Earth Movement is replaced by the following:

    **2. Earth Movement and Settlement**

      Earth Movement and Settlement means:

        **a.** Earthquake, including land shock waves or tremors before, during or after a volcanic eruption;

        **b.** Landslide, mudslide or mudflow;

        **c.** Subsidence or sinkhole;

        **d.** Clay shrinkage or other expansion or contraction of soils or organic materials;

        **e.** Decay of buried or organic materials;

        **f.** Settling, cracking or expansion of foundations or walls;

        **g.** Any other earth movement including earth sinking, rising or shifting; or

        **h.** Scouring.

      This Exclusion 2. applies regardless of whether any of the above, in 2.a. through 2.h., is caused by an act of nature or is otherwise caused.

      However, direct loss by fire, explosion or theft resulting from any of the above, in 2.a. through 2.h., is covered.

UPC 01 17 10 17 (Page 9 of 18)

<u>**AFFIRMATIVE DEFENSE NO. 18**</u>

      UPC avers that the damages claimed in Plaintiffs' Petition were caused by a non-covered

event and/or peril that is excluded under the applicable policy of insurance:

**SECTION I – EXCLUSIONS**

    **A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

    ...

      **3.** **Water**

        This means:

          **a.** Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow off any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;

          **b.** Water, waterborne material, sewage or any other substance which:

            **(1)** Backs up through sewers or drains; or

            **(2)** Overflows or is otherwise discharged from a sump pump, sump pump well or other system designed for the removal of subsurface water which

is drained from a foundation area of a structure; or

   **c.**  Water, waterborne material, sewage or any other substance on or below the surface of the ground, regardless of its source. This includes water, waterborne material, sewage or any other substance which exerts pressure on or flows, seeps or leaks through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure.

Caused by or resulting from human or animal forces or any act of nature.

This Exclusion applies to, but is not limited to, escape, overflow or discharge, for any reason of water or waterborne material from a dam, levee, seawall or any other boundary or containment system.

Direct loss by fire, explosion or theft resulting from water is covered.

HO 00 03 05 11 (Page 12 of 24)
UPC 01 17 10 17 (Page 9 of 18)

## **AFFIRMATIVE DEFENSE NO. 19**

UPC avers that the damages claimed in Plaintiffs' Petition were caused by a non-covered

event and/or peril that is excluded under the applicable policy of insurance:

**10. "Fungi", Wet Or Dry Rot, Or Bacteria**
We do not cover any loss due to "fungi", wet or dry rot, or bacteria. This includes the presence, growth, proliferation, spread or any activity of "fungi" wet or dry rot, or bacteria.
This exclusion does not apply:
  **c.**  When "fungi", or dry rot, or bacteria results from fire or lightning; or
  **d.**  To the extent coverage is provided for in the "Fungi", Wet Or Dry Rot, Or Bacteria Additional Coverage under Section **I** – Property Coverages with respect to loss caused by a Peril Insured Against other than fire or lightning.
Direct loss by a Peril Insured Against resulting from "fungi", wet or dry rot, or "bacteria" is covered.

UPC 01 17 10 17 (Page 10 of 18)

## **AFFIRMATIVE DEFENSE NO. 20**

UPC avers that the damages claimed in Plaintiffs' Petition were caused by a non-covered

event and/or peril that is excluded under the applicable policy of insurance:

**12. Existing Damage**
  **a.**  Damages which occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of this policy or

discovered at a later date.
b. Claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.
This exclusion does not apply in the event of a total loss by a Peril Insured Against.

UPC 01 17 10 17 (Page 10 of 18)

## AFFIRMATIVE DEFENSE NO. 21

UPC avers that the damages claimed in Plaintiffs' Petition were caused by a non-covered event and/or peril that is excluded under the applicable policy of insurance:

**13. Diminished Value**
We do not cover any loss due to diminished value of any property covered under this policy.

UPC 01 17 10 17 (Page 10 of 18)

## AFFIRMATIVE DEFENSE NO. 22

UPC avers that the damages claimed in Plaintiffs' Petition were caused by a non-covered event and/or peril that is excluded under the applicable policy of insurance:

**14. Windstorm or Hail Loss to:**
**a.** Outdoor radio equipment, television antennas, satellite dishes, aerials including their lead wiring, masts or towers; or
**b.** Solar panels, solar water heating systems including solar panels, pipes supplying and returning water to solar panels, and equipment or devices controlling solar water heating systems.

UPC 01 17 10 17 (Page 10 of 18)

## AFFIRMATIVE DEFENSE NO. 23

Plaintiffs' claims against UPC are barred or reduced to the extent Plaintiffs failed to exercise ordinary care and caution to protect damage to their property per the relevant Policy provisions:

**SECTION I – EXCLUSIONS**

…

    **5.**       **Neglect**

              Neglect means neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

HO 00 03 05 11 (Page 13 of 24)

<u>**AFFIRMATIVE DEFENSE NO. 24**</u>

UPC avers that the damages claimed in Plaintiffs' Petition were caused by a non-covered event and/or peril that is excluded under the applicable policy of insurance:

**SECTION I – EXCLUSIONS.**

…

    **B.**  We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy is covered.

      …

      **3.**      Faulty, inadequate or defective:

            a.  Planning, zoning, development, surveying, siting;

            b.  Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

            c.  Materials used in repair, construction, renovation or remodeling; or

            d.  Maintenance**;**

            Of part or all of any property whether on or off the "residence premises."

HO 00 03 05 11 (Page 13 of 24)

<u>**AFFIRMATIVE DEFENSE NO. 25**</u>

Plaintiffs' claims are limited by application of the Hurricane Deductible as explained in Endorsement Form UPC 17 657 10 17, attached to Plaintiffs' Policy and incorporate herein as if copied *in extenso*.

<u>**AFFIRMATIVE DEFENSE NO. 26**</u>

Plaintiffs' claims are barred under the Policy provisions relative to suits against the insurer.

**SECTION I – CONDITIONS**

…

**H.**    **Suit Against Us**

        No action can be brought against us unless there has been full compliance with all

of the terms under Section **I** of this policy and the action is started within two years after the date of loss.

HO 00 03 05 11 (Page 16 of 24)

## <u>AFFIRMATIVE DEFENSE NO. 27</u>

Plaintiffs' claims are barred or limited due to Plaintiffs' failure to abide by their Duties

After Loss pursuant to the Policy's Conditions:

**SECTION I – CONDITIONS**
**…**
**C.    Duties After Loss**
In case of a loss to covered property, you must comply with all of the duties in **C.**
Duties After Loss. We have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you or an "insured" seeking coverage:
…
**5.** Protect property from further damage, if repairs to the property are required, you must:
**a.** Provide us with an opportunity to inspect the property in its damaged condition and prior to repairs;
**b.** Provide us with an opportunity to exercise our option to repair;
**c.** Provide us with specifications of damage and detailed repair estimates prior to making repairs;
**d.** Make reasonable and necessary repairs to protect the property; and
**e.** Keep an accurate record of repair expenses.

HO 00 03 05 11 (Page 14 of 24)
UPC 01 17 10 17 (Page 11 of 18)

## <u>AFFIRMATIVE DEFENSE NO. 28</u>

Plaintiffs' claims are barred or limited due to Plaintiffs' failure to abide by their Duties

After Loss pursuant to the Policy's Conditions:

**SECTION I – CONDITIONS**
**…**
**C.    Duties After Loss**
In case of a loss to covered property, you must comply with all of the duties in **C.**
Duties After Loss. We have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you or an "insured" seeking coverage:

…

      **6.**    Cooperate with us in the investigation of a claim.

HO 00 03 05 11 (Page 14 of 24)
UPC 01 17 10 17 (Page 11 of 18)

## <u>AFFIRMATIVE DEFENSE NO. 29</u>

Plaintiffs' claims are barred or limited due to Plaintiffs' failure to abide by their Duties

After Loss pursuant to the Policy's Conditions:

**SECTION I – CONDITIONS**
…
**C.**   **Duties After Loss**
In case of a loss to covered property, you must comply with all of the duties in **C.**
Duties After Loss. We have no duty to provide coverage under this policy if the
failure to comply with the following duties is prejudicial to us. These duties must
be performed either by you or an "insured" seeking coverage:
      …
      **7.**    Prepare an inventory of damaged personal property showing the
quantity, description, actual cash value and amount of loss. Attach
all bills, receipts and related documents that justify the figures in the
inventory.

HO 00 03 05 11 (Page 14 of 24)
UPC 01 17 10 17 (Page 11 of 18)

## <u>AFFIRMATIVE DEFENSE NO. 30</u>

Plaintiff' claims are barred or limited due to Plaintiffs' failure to abide by their Duties After

Loss pursuant to the Policy's Conditions:

**SECTION I – CONDITIONS**
…
**C.**   **Duties After Loss**
In case of a loss to covered property, you must comply with all of the duties in **C.**
Duties After Loss. We have no duty to provide coverage under this policy if the
failure to comply with the following duties is prejudicial to us. These duties must
be performed either by you or an "insured" seeking coverage:
      …
      **9.**    Send us your signed, sworn proof of loss which sets forth, to the best
of your knowledge and belief:
      **a**.    The time and cause of loss;
      **b.**    The interested of all "insureds" and all others in the property
involved and all liens on the property;

**c.**    Other insurance which may cover the loss;

**d.**    Changes in title or occupancy of the property during the term of the Policy;

**e.**    Specifications of damaged buildings and detailed repair estimates;

**f**.    The inventory of damaged personal property described in **7.** above;

**g.**    Receipts for additional living expenses incurred and records that support the fair rental value losses; and

**h.**    Evidence or affidavit that supports a claim under **E.6.** Credit Card, Electronic Fund Transfer Card Or Access Device, Forgery And Counterfeit Money under Section **I** – Property Coverages, stating the amount and cause of loss.

(This reference is **C.6.** Credit Card, Electronic Fund Transfer Card Or Access Device, Forgery And Counterfeit Money under Section **I** – Property Coverages in Form **HO 00 04**.)

(This reference is **D.6.** Credit Card, Electronic Fund Transfer Card Or Access Device, Forgery And Counterfeit Money under Section **I** – Property Coverages in Form **HO 00 06**.)

This proof of loss must be sent to us within:

**(1)** 180 days after our request, if the loss results from a catastrophic event for which a state of disaster or emergency was declared pursuant to law by civil officials; however, this 180-day period does not commence until the state of emergency or disaster has ended and you have access to your property; or

**(2)** 60 days after our request in all other cases.

HO 00 03 05 11 (Page 14 of 24)
UPC 01 17 10 17 (Pages 11-12 of 18)

## <u>AFFIRMATIVE DEFENSE NO. 31</u>

Plaintiffs' claims are limited or barred or otherwise must be calculated pursuant to the Loss

Settlement Policy provisions:

## SECTION I – CONDITIONS

…

**D.**    **Loss Settlement**

In this Condition **D.,** the terms "cost to repair or replace" and "replacement cost" do not include the increased costs incurred to comply with the enforcement of any ordinance or law, except to the extent that coverage for these increased costs is provided in **E.11**. Ordinance Or Law under Section **I** – Property Coverages. Covered property losses are settled as follows:

**1.**    Property of the following types:

**a.**    Personal property;

    **b.** Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings;

    **c.** Structures that are not buildings; and

    **d.** Grave markers, including mausoleums; at actual cash value at the time of loss but not more than the amount required to repair or replace.

**2.** Buildings covered under Coverage **A** or **B** at replacement cost without deduction for depreciation, subject to the following:

    **a.** If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, without deduction for depreciation, but not more than the least of the following amounts:

        **(1)** The limit of liability under this policy that applies to the building;

        **(2)** The replacement cost of that part of the building damaged with material of like kind and quality; or

        **(3)** The necessary amount actually spent to repair or replace the damaged building.

    If the building is rebuilt at a new premises, the cost described in **(2)** above is limited to the cost which would have been incurred if the building had been built at the original premises. If, at the time of loss, the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss, we will pay the greater of the following amounts, but not more than the limit of liability under this policy that applied to the building:

        **(4)** The actual cash value of that part of the building damaged; or

        **(5)** That proportion of the cost to repair or replace, without deduction for depreciation, that part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.

    **b.** To determine the amount of insurance required to equal 80% of the full replacement cost of the building immediately before the loss, do not include the value of:

        **(1)** Excavations, footings, foundations, piers, or any other structures or devices that support all or part of the building, which are below the undersurface of the lowest basement floor;

        **(2)** Those supports described in **(1)** above which are below the surface of the ground inside the

foundation walls, if there is no basement; and
**(3)** Underground flues, pipes, wiring and drains.

**c.** We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss as noted in **2.a.** and **b.** above.

However, if the cost to repair or replace the damage is both:

**(1)** Less than 5% of the amount of the insurance in this policy on the building; and
**(2)** Less than $2,500;

we will settle the loss as noted in **2.a.** and **b.** above whether or not actual repair or replacement is complete.

**d.** You may disregard the replacement cost loss settlement provisions and make claim under this Policy for loss to buildings on an actual cash value basis. You may then make claim for any additional liability according to the provisions of this Condition **D.** Loss Settlement, provided you notify us, within 180 days after the date of loss, of your intent to repair or replace the damaged building. However, if the loss results from a catastrophic event for which a state of disaster or emergency was declared pursuant to law by civil officials, this 180-day period does not commence until the state of emergency or disaster has ended and you have access to your property.

**f.** Loss Settlement, provided you notify us, within 180 days after the date of loss, of your intent to repair or replace the damaged building.

HO 00 03 05 11 (Page 14-15 of 24)
UPC 01 17 10 17 (page 12 of 18)

## <u>AFFIRMATIVE DEFENSE NO. 32</u>

UPC specifically avers the Policy Provisions regarding Appraisal:

## SECTION I – CONDITIONS
...
**F.** **Appraisal**
If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.

Each party will:
1.      Pay its own appraiser; and
2.      Bear the other expenses of the appraisal and umpire equally.

No suit involving **SECTION I – PROPERTY COVERAGES** of this Policy can be brought unless an appraisal has been completed.

HO 00 03 05 11 (Page 15 of 24)
UPC 01 17 10 17 (page 12 of 18)

## <u>AFFIRMATIVE DEFENSE NO. 33</u>

UPC avers that Plaintiffs' claims are limited or barred if there is Other Insurance applicable

to the alleged loss.

**SECTION I – CONDITIONS**
**…**
    **G. Other Insurance And Service Agreement**
    If a loss is covered by this policy is also covered by:
    **1.** Other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss; or
    **2.** A service agreement, this insurance is excess over any amounts payable under any such agreement. Service agreement means a service plan, property restoration plan, home warranty or other similar service warranty agreement, even if it is characterized as insurance.

HO 00 03 05 11 (Page 15 of 24)

## <u>AFFIRMATIVE DEFENSE NO. 34</u>

UPC avers that Plaintiff's claims are limited or barred if there is Concealment of Fraud.

**SECTION I – CONDITIONS**
**…**
    **R. Concealment Or Fraud**
    **2.** With respect to loss caused by a peril other than fire and with respect to all "Insureds" Covered under this policy, we provide no coverage for loss if, whether before or after a loss, one or more "Insureds" have:
    **a.** Intentionally concealed or misrepresented any material fact or circumstance;
    **b.** Engaged in fraudulent conduct; or
    **c.** Made false statements;
    relating to this insurance.

HO 00 03 05 11 (Page 17 of 24)
UPC 01 17 10 17 (Page 13 of 18)

## AFFIRMATIVE DEFENSE NO. 35

UPC avers that the cause of Plaintiffs' damages is the negligence and/or fault of the Plaintiffs, thereby barring or mitigating on the basis of comparative fault, the amount of recovery herein.

## AFFIRMATIVE DEFENSE NO. 36

Plaintiffs' claims are barred by any other applicable Exclusions under the Policy, including any provisions as outlined in UPC 207 LA 10 17.

## AFFIRMATIVE DEFENSE NO. 37

Plaintiffs' claims are barred due to their failure to satisfy all duties under the Policy.

## AFFIRMATIVE DEFENSE NO. 38

UPC avers that Plaintiffs have failed to provide satisfactory proof of loss as is required by jurisprudential law, statutory authority and the terms, conditions, provisions, and exclusions of the Policy.

## AFFIRMATIVE DEFENSE NO. 39

UPC avers that it has adjusted Plaintiffs' claim in good faith, in accord with the terms and conditions of the Policy, and in compliance with any applicable statutory or jurisprudential law.

## AFFIRMATIVE DEFENSE NO. 40

To the extent Plaintiffs have received money from any state and/or federal agency or program, and that Plaintiffs have assigned and/or subrogated their rights to said state or federal agency or program, UPC avers that Plaintiffs are the improper Parties Plaintiff to prosecute this action.

## AFFIRMATIVE DEFENSE NO. 41

Plaintiffs have no right or cause of action to the extent of the interest of the mortgagee holding the mortgage on the Property.

## AFFIRMATIVE DEFENSE NO. 42

UPC avers that should it be determined that Plaintiffs made any material misrepresentations in connection with their claims herein, then such misrepresentations are a violation of the Policy and thereby voids coverage and any obligations therein.

## AFFIRMATIVE DEFENSE NO. 43

Plaintiffs did not rely on any misrepresentations of either UPC or anyone for whom UPC might be legally responsible.

## AFFIRMATIVE DEFENSE NO. 44

UPC asserts that there is no insurance coverage for the claims asserted by Plaintiffs to the extent the damages were pre-existing to the loss event made subject of this suit.

## AFFIRMATIVE DEFENSE NO. 45

UPC avers and asserts the Policy, self-evident of its terms, conditions, coverages, endorsements and exclusions, in its entirety, as if copied herein *in extenso*, as constituting an Affirmative Defense to Plaintiffs' Petition.

## RESERVATION OF RIGHTS

UPC reserves its right to supplement and amend its Answer to Plaintiffs' Petition and to supplement and assert additional Affirmative Defenses as future discovery may warrant and require.

**WHEREFORE**, Defendant, United Property & Casualty Insurance Company, prays that its Answer and Affirmative Defenses to Plaintiffs' Petition be deemed good and sufficient and

after due proceedings are had, that there be judgment herein in favor of United Property & Casualty

Company and against Plaintiffs, dismissing Plaintiffs' Petition, with prejudice, at Plaintiffs' cost

and for all other general and equitable relief as this Honorable Court deem fit.

Dated: July 21, 2022.                          Respectfully Submitted:


                                               */s/ Sean P. Sullivan*
                                               Sean P. Sullivan, Esq. LSBA No. 33398
                                               Jonathan E. Ley, Esq. LSBA No. 34869
                                               Kevin M. Johnson, Esq. LSBA No. 39925
                                               Kelley Kronenberg, PA
                                               201 St. Charles Avenue, Suite 2500
                                               New Orleans, Louisiana 70170
                                               P: 504-208-9055
                                               Email: ssullivan@kelleykronenberg.com
                                               jley@kelleykronenberg.com
                                               kjohnson@kelleykronenberg.com
                                               *Counsel for Defendant, United Property & Casualty*
                                               *Insurance Company*