UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL MCGRAIL and**
**LUCILLE MCGRAIL**                                                      **PLAINTIFFS**

**VS.**                                                **CASE NO.: 2:22-cv-02181-JTM-JVM**

**UNITED PROPERTY & CASUALTY**
**INSURANCE COMPANY**                                                    **DEFENDANT**

**FIRST AMENDED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Michael McGrail and Lucille McGrail, who file this First Amended Complaint, amending the Original Petition for Damages filed in the 24th Judicial District Court for the Parish of Jefferson and removed to this Honorable Court thereafter, in the following respects:

**1.**

The following party is made a Defendant herein:

a) **LOUISIANA INSURANCE GUARANTY ASSOCIATION**, a private nonprofit unincorporated legal entity domiciled in East Baton Rouge Parish, Louisiana, which pursuant to La. R.S. § 22:2058(A), has an obligation to pay the covered claims of the insolvent insurer, United Property and Casualty Insurance Company, and can be served through its Agent for Service of Process, Diedre Arceneaux, at 2142 Quail Run Drive, Baton Rouge, Louisiana 70708-4126.

**19.**

Accordingly, Paragraph 19 of the Original Petition filed herein is supplemental and amended to read as follows:

"19.

On February 27, 2023, UPC was placed into receivership by the 2nd Judicial District Court. LIGA assumed the responsibility of continuing the adjustment and payment of covered claims pursuant to La. R.S. § 22:2058(A).

**21.**

Accordingly, Paragraph 21 of the Original Petition filed herein is supplemental and amended to read as follows:

"21.

To the extent the term "covered claims" is defined in La. R.S. 22:2055(6), LIGA has all rights, duties, and obligations of the insolvent insurer, herein UPC, as if it had not become insolvent pursuant to La. R.S. 22:2058(A), in addition to the general powers, duties, rights, and responsibilities as set forth in the LIGA law, La. R.S. 22:2051.

**22.**

Accordingly, Paragraph 22 of the Original Petition filed herein is supplemental and amended to read as follows:

"22.

Due to the insolvency and liquidation of UPC, LIGA is now liable to Complainants pursuant to the relevant LIGA statutes.

**23.**

Accordingly, Paragraph 23 of the Original Petition filed herein is supplemental and amended to read as follows:

"23.

Pursuant to La. R.S. 22:2058(A)(4), LIGA has a duty to investigate claims and adjust,

compromise, settle, and pay covered claims to the extent of the association's obligation outlined in 22:2058(A).

**29.**

Accordingly, Paragraph 29 of the Original Petition filed herein is supplemental and amended to read as follows:

"29.

Despite having received satisfactory proof of loss for damages caused by Hurricane Ida, UPC and LIGA failed to timely tender adequate funds under the Policy.

**30.**

Accordingly, Paragraph 30 of the Original Petition filed herein is supplemental and amended to read as follows:

"30.

UPC was an insurer authorized to transact insurance in this state at the time the policy was issued and on the date of loss pursuant to La. R.S. 22:1379; an insurance contract, the Policy, existed between Complainants and UPC, and LIGA has assumed the rights, duties and obligations of the insolvent insurer, pursuant to La. R.S. 22: 2058.

**31.**

Accordingly, Paragraph 31 of the Original Petition filed herein is supplemental and amended to read as follows:

"31.

By failing to conduct the claims handling for Complainants' Claim in good faith and with fair dealing, LIGA breached the Policy.

**46.**

Accordingly, Paragraph 46 of the Original Petition filed herein is supplemental and amended to read as follows:

"46.

As a result of LIGA's breaches of contract, and other bad acts, Complainants have incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs/ mitigation at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/ or replacement;

e. Additional living expenses;

f. Actual, compensatory, and general damages proximately caused by Defendants' breaches of duties and breaches of contract; and

g. All other losses that will be proved through discovery or at the trial of this matter.

**49.**

Plaintiffs renew and reiterate all of the allegations (as amended herein), and all of the prayers, of the Original Petition.

**WHEREFORE**, the aforesaid premises considered, Complainants pray that Defendants be duly served with a copy of this First Amended Complaint and cited to appear and answer same, and that after due proceedings had, that there be a judgment herein in favor of Complainants, Michael and Lucille McGrail, and against Defendants, United Property and Casualty Insurance Company and Louisiana Insurance Guaranty Association, in an amount that

will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

_____
Lindsey A. Topp, La. Bar No. 35577
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Serv. Rd., W., Ste. 300
Metairie, Louisiana 70001
Ph: 504-684-5200
Fax: 504-613-6351
ltopp@hstalaw.com